FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 01, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| WILLIAM DONALD HARGROVE,<br><br>    Petitioner,<br><br> v.<br><br>JAMES KEY,<br><br>    Respondent. | No. 2:18-cv-00281-SMJ<br><br>**ORDER DENYING HABEAS PETITION** |

Petitioner William Donald Hargrove, a prisoner at the Airway Heights Corrections Center, files a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254, ECF No. 3. Respondent James Key responded on November 29, 2018. ECF No. 6. Petitioner replied on February 21, 2019 after the Court granted him an extension of time. ECF No. 12. Having reviewed the state court record, ECF No. 7, the Court is fully informed and denies the petition.

## BACKGROUND

**A. Procedural History**

Petitioner challenges his 2012 Spokane County convictions for two counts of first degree rape of a child, two counts of first degree child molestation, two counts of second degree rape of a child, and one count of second degree child molestation.

ORDER DENYING HABEAS PETITION **-** 1

ECF No. 3 at 1. He was sentenced to a minimum of 240 months and a maximum of life in prison (for counts 1–3 only). ECF No. 7-1 at 7. The convictions were affirmed on appeal, *id.* at 47, and the Washington Supreme Court denied review, *id.* at 157.

On January 27, 2017, Petitioner filed a personal restraint petition. *Id.* at 161–64. The petition was reviewed on the merits and dismissed as frivolous. *Id.* at 295–307. The Commissioner of the Washington Supreme Court denied Petitioner's motion for discretionary review, *id.* at 353–56, and the Washington Supreme Court denied his motion to modify the Commissioner's ruling, *id.* at 387.

On September 7, 2018, the Court received Petitioner's federal habeas corpus petition, ECF No. 1, which was filed on September 12, 2018 following receipt of payment, ECF No. 3. Petitioner asserts he was denied effective assistance of counsel on two grounds. ECF No. 3 at 5, 7. Respondent concedes that Petitioner has properly exhausted his state remedies on these two grounds, and it does not contend that the petition is untimely. *See* ECF No. 6 at 14.

**B.  Factual Basis**

The state bench trial arose out of Petitioner's sexual abuse of his two stepchildren over a long period of time. In the words of the Washington Supreme Court:

> At issue during the trial was whether the State should be able to present evidence that Mr. Hargrove also committed an uncharged assault on an unrelated witness. Initially a judge held the evidence admissible under RCW 10.58.090 following a pretrial hearing. But on the eve of trial,

ORDER DENYING HABEAS PETITION **-** 2

[the Washington Supreme Court] held that statute unconstitutional. A different judge presided over the trial. Without conducting a new hearing, the trial court deemed the evidence admissible under [Washington Evidence Rule ("ER")] 404(b).

ECF No. 7-1 at 353 (citation omitted).

The trial judge relied on a transcript of the victim's testimony from the previous RCW 10.58.090 hearing in order to determine that her testimony was admissible under ER 404(b). ECF No. 7-2 at 1–19. Petitioner's first asserted ground for ineffective assistance of counsel is that counsel failed to object to the fact that the original hearing was before a judge different from the one who ultimately ruled the evidence admissible. In other words, he argues that counsel failed to object to the trial judge's reliance on transcript testimony in lieu of holding a separate evidentiary hearing. ECF No. 3 at 5.

Petitioner's second asserted ground for ineffective assistance of counsel is that counsel prevented him from testifying about his prosthetic legs even though he was the only one who could have contradicted the testimony of the minor victims. *Id.* at 7. At trial, as the defense rested its case, the record indicates as follows:

> [DEFENSE COUNSEL]: Your Honor, at this point the defense does rest. We have no further witnesses. And I've explained to Mr. Hargrove, we've discussed everything strategy-wise and everything else, and he's decided to exercise his rights and not testify. And, Your Honor, the burden's not on him in any way and it fits right in with my argument. I have gone over that with Mr. Hargrove. He agrees with that, not to testify in this case. And he's already entered a not-guilty plea, so he's waiving his right to testify, Your Honor. I think it's his right not

to. I certainly invite the Court to ask any -- well, if you want to, Your Honor. I know the law is it can't be used in any way against him.

THE COURT: If you're suggesting that I should talk to your client, I'm happy to do that. Otherwise, from what you've said, it sounds as through you've thoroughly gone over that, testifying or not testifying--

[DEFENSE COUNSEL]: Correct, Your Honor. Thank you.

THE COURT: --satisfactorily.

[DEFENSE COUNSEL]: I don't need you to ask him any questions, Your Honor.

THE COURT: All right. Thank you.

ECF No. 7-3 at 168.

## LEGAL STANDARD

Under 28 U.S.C. § 2254(a), "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." The writ

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

## DISCUSSION

The entire state court record is before the Court. *See* ECF No. 7. Petitioner does not rely on "a new rule of constitutional law" or "a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2). The issues raised can be resolved by reference to the state record. *See Totten v. Merkle*, 137 F.3d 1172, 1176 (9th Cir. 1998) (en banc). Thus, the Court determines that an evidentiary hearing is a "futile exercise" and unnecessary. *Id.* The Court now turns to the merits of Petitioner's ineffective assistance of counsel allegations.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). To prove counsel provided ineffective assistance at trial, a defendant must show (1) counsel's representation was objectively unreasonable and (2) a reasonable probability that the result of the proceeding would have been different but for counsel's performance. *Strickland v. Washington*, 466 U.S. 668 (1984).

Reasonableness of counsel's representation is assessed under "prevailing professional norms." *Id.* at 688. A defendant must overcome a "strong presumption" that counsel's conduct is reasonable and the result of "sound trial strategy" and "reasonable professional judgment." *Id.* at 689, 691.

A reasonable probability of a different result, i.e., prejudice, exists where

"there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt." *Id.* at 695. Absent any challenge to the judgment on grounds of insufficient evidence, a court should presume that "the judge or jury acted according to law." *Id.* at 694.

"[B]ecause the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard." *Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009). Judicial review of defense counsel's performance, therefore, is "doubly deferential when it is conducted through the lens of federal habeas." *Yarborough*, 540 U.S. at 6.

"The pivotal question [for a federal habeas court] is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland*'s standard." *Harrington v. Richter*, 562 U.S. 86, 101 (2011). "When § 2254(d) applies, . . . . [t]he question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard." *Id.* at 105. Federal habeas review is "not a substitute for ordinary error correction through appeal." *Id.* at 102–03.

Here, Petitioner argues that trial counsel's failure to object and failure to allow him to testify amounted to ineffective assistance of counsel. ECF No. 3. The Court addresses each argument in turn.

**A. Trial counsel's failure to object to the judge's reliance on transcript testimony in lieu of holding a new hearing**

The Washington Court of Appeals adjudicated Petitioner's first ineffectiveness claim on the merits. In the state of Washington, a defendant who claims ineffective assistance of counsel based on the failure to object must show that (1) the objection would likely have been sustained, (2) there was no legitimate tactical reason for failing to object, and (3) it is reasonably likely the trial outcome would have been different had counsel objected. *See e.g.*, *State v. Powell*, 150 Wash. App. 139, 154–58 (2009).

Applying this test, the court of appeals concluded Petitioner "failed to demonstrate it is reasonably likely that the objection would have been sustained" even if made because the trial judge had the discretion to rely solely on the government's offer of proof (in this case, in the form of a transcript of the victim's sworn testimony) rather than holding an evidentiary hearing. ECF No. 7-1 at 302–03. Moreover, the court noted that

> counsel may have reasonably believed the court would find the written transcript of [the victim]'s prior testimony less persuasive than live testimony provided by [her] (which counsel had already witnessed). Counsel may also have reasonably believed the trial court had discretion to rely on the written record as an offer of proof under *Kilgore*, and made a tactical decision not to make an objection he was unlikely to prevail upon. In light of these potential considerations, [Petitioner] has failed to demonstrate the absence of any conceivable legitimate trial tactic explaining trial counsel's failure to object, and has accordingly failed to demonstrate a deficient performance on the part of his trial counsel.

*Id.* at 303 (citing *State v. Kilgore*, 147 Wash. 2d 288 (2002)).

Finally, the court concluded that Petitioner failed to demonstrate any resulting prejudice because it had previously determined, on direct appeal, that the trial court did not err by admitting the evidence pursuant to ER 404(b). *Id.* at 304. It also noted that there was no evidence indicating it was reasonably likely that the trial judge would have found the witness not credible or excluded her testimony had he held a separate evidentiary hearing, especially given that he found the witness "unquestionably credible" at trial. *Id.*

In denying review, the Washington Supreme Court Commissioner agreed with the court of appeals, reasoning,

> It may be debatable whether counsel should have objected to the trial court's reliance on the cold record of the third party victim's testimony without first conducting a new hearing. The acting chief judge held that this could have been a strategic decision, reasoning that the trial court could find a cold record less persuasive than the victim's live testimony recounting the assault and its similarities to Mr. Hargrove's pattern of assaults on his stepchildren. This holding may be correct, but counsel also would have been fully justified in objecting to the procedure and insisting on a new hearing.
>
> But counsel's performance aside, Mr. Hargrove must also demonstrate prejudice. Here, the Court of Appeals held the evidence admissible under ER 404(b) on direct appeal. And Mr. Hargrove fails to demonstrate any reasonable basis for the argument that an objection and demand for a new hearing before the trial judge would have changed the court's ruling on the evidence. Under these circumstances, the acting chief judge sustainably held that Mr. Hargrove cannot demonstrate prejudice for counsel's failure to object to the procedures.

*Id.* at 355 (citation omitted).

ORDER DENYING HABEAS PETITION - 8

The Court agrees with the reasoning of the Washington Court of Appeals and the Washington Supreme Court Commissioner. In asking whether the court of appeals' application of *Strickland* was unreasonable under a doubly deferential review, the Court concludes it was not. The state court faithfully applied *Strickland* and concluded that Petitioner had not met either element of the deferential standard. *See Harrington*, 562 U.S. at 105. And because Petitioner has not shown that the state court decision was contrary to, or involved an unreasonable application of, clearly established federal law, the Court denies Petitioner relief under this claim.

**B.     Trial counsel's refusal to allow Petitioner to testify**

The Washington Court of Appeals also adjudicated on the merits Petitioner's second ineffectiveness claim. Petitioner had submitted a declaration indicating that counsel told him not to testify because it could only hurt him, so he followed counsel's advice and did not testify about his prosthetic legs although he wanted to. This is entirely consistent with the trial record. *See* ECF No. 7-3 at 168 ("We've discussed everything strategy-wise and everything else, and [Petitioner has] decided to exercise his rights and not testify."). According to Petitioner, he was the only one who could counter the victims' testimony on how he removed his prostheses when the sexual abuse took place.

Recognizing correctly that it is the defendant, not counsel, who ultimately decides whether or not to testify, the court of appeals distinguished between an

attorney advising a defendant not to testify and an attorney using coercive tactics to prevent a defendant from testifying. ECF No. 7-1 at 305–06. The court noted,

> During the trial, an exchange took place between the trial court and Mr. Hargrove's counsel during which counsel informed the court that, after discussing various strategic considerations, Mr. Hargrove had decided to exercise his right to not testify. At that time, counsel invited the court to discuss this decision with Mr. Hargrove, and the court determined a colloquy was not necessary. At no point during that exchange did Mr. Hargrove inform the court he wanted to testify and that counsel was preventing him from testifying.
>
> Based on this record, Mr. Hargrove has failed to demonstrate that trial counsel actually prevented him from testifying. Although he contends trial counsel erroneously advised him that testifying would harm his case and he followed this advice even though he believed he could rebut the victim witnesses, he does not demonstrate that he unequivocally informed counsel he wanted to testify or that counsel actually coerced him into not testifying. Instead, the record demonstrates that he simply decided to stay silent following counsel's advice. This does not justify reconsideration of Mr. Hargrove's waiver of his right to testify.

*Id.* at 306.

Ultimately, the court concluded Petitioner did not demonstrate that counsel performed deficiently, i.e., unreasonably. *Id.* at 307. And although unnecessary, it further reasoned that "[i]n any event, Mr. Hargrove has also failed to demonstrate it is reasonably likely the trial outcome would have been different had he testified regarding his prosthesis. Although the testimony may have challenged the victim witnesses' accounts as to how Mr. Hargrove removed his pants when the abuse

occurred, he has failed to demonstrate that this factual dispute would have changed the court's opinion regarding the overall credibility of the victim witnesses." *Id.*

In denying review, the Washington Supreme Court Commissioner agreed about both *Strickland* elements. *Id.* at 355–56. The Commissioner specifically noted that Petitioner could not show prejudice given the "State's evidence from three witnesses detailing his repeated abuse." *Id.* at 356. Again, the Court concludes that the state court decision was not contrary to, or involved an unreasonable application of, clearly established federal law. Both courts reasonably noted that Petitioner never demonstrated he did anything but follow counsel's advice. In fact, the record reflects he assented to waiving his right to testify: when counsel told the judge that Petitioner would be waiving this right, he did not insist on testifying, speak out to the judge, or discharge counsel.

Certainly with the benefit of hindsight, Petitioner may wish he had testified. But, the "backward-looking language [of § 2254(d)] requires an examination of the state-court decision at the time it was made" and focuses "on what a state court knew and did." *Greene v. Fisher*, 565 U.S. 34, 38 (2011) (citations omitted). And the state court's application of *Strickland*, in light of the evidence in the record, was not unreasonable even if Petitioner asserts otherwise. Accordingly, the Court denies Petitioner relief under this claim.

C. **Certificate of appealability**

Under Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having reviewed the record and the petition, the Court determines Petitioner has not made a substantial showing of the denial of a constitutional right, and no reasonable jurist would find debatable or wrong the Court's assessment of Petitioner's claims. *See Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); 28 U.S.C. § 2253(c)(2). Accordingly, the Court declines to issue a certificate of appealability.

Accordingly, **IT IS HEREBY ORDERED**:

1. Petitioner's petition for a writ of habeas corpus under 28 U.S.C. § 2254, **ECF No. 3**, is **DENIED**.

2. The Clerk's Office is **DIRECTED** to **DENY AS MOOT** any pending motions, **ENTER JUDGMENT**, and **CLOSE** the file.

3. A **certificate of appealability** is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to *pro se* Petitioner and defense counsel.

**DATED** this 1st day of March 2019.

_____
SALVADOR MENDOZA, JR.
United States District Judge